**Randy J. Harvey**, OSB #116714
BASSINGER & HARVEY
PO Box 1309
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-140
randy@bassingerharveylaw.com

Of Attorneys for Plaintiff
**BROCK MITTELBACH**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BROCK MITTELBACH,** | Case No. **3:19-cv-56** |
| Plaintiff, and | **COMPLAINT** |
| **DEPARTMENT OF CORRECTIONS**, a subdivision of the State of Oregon; and **COLLET PETERS**, an Individual, | 1. Failure to Engage in Interactive Process ADA;<br>2. Failure to reasonably Accommodate Under ADA;<br>3. Disability Discrimination;<br>4. Negligence;<br>5. Breach of Confidentiality;<br>6. Retaliation; and,<br>7. Wrongful Termination. |
| Defendants. | **DEMAND FOR JURY TRIAL**<br><br>CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Claim: $1,850,200<br><br>Filing Fee $ 434 |

1 – COMPLAINT

Plaintiff alleges:

## I. INTRODUCTION

1. This is an employment case involving failure to engage in the interactive process under the American's with Disabilities Act (ADA), disability discrimination, negligence, breach of confidentiality, retaliation and/or wrongful termination.

## II. JURISDICTION AND VENUE

2. This is an action for violations of the Americans With Disabilities Act of 1990 (ADA) as amended, raising a Federal Questions and for violations of commensurate state law claim for discrimination (ORS 659A.112) This action is also brought under federal and state discrimination claims. This court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1334(3) and (4). This court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in Oregon's federal court in this division, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims arose within this district.

4. Plaintiff timely provided the Department of Corrections (hereinafter, "DOC") with a written tort claim notice pursuant to ORS 30.275 by a letter dated December 27, 2017.

## III. THE PARTIES

5. At all material times herein, Plaintiff was and is an American citizen living in Oregon and was working for the Department of Corrections at Coffee Creek Prison as a correction officer.

6. At all material times herein, DOC, is a subdivision of the State of Oregon.

7. At all material times herein, Defendant Colette Peters (hereinafter, "Peters"), was employed as a Director and at times acted within the scope and course of her employment and under the color of law.

//

## IV. FACTUAL ALLEGATION

8. Plaintiff delivered an Oregon Tort Claims Notice to DOC on or about December 27, 2017 and more than thirty days have passed since DOC received the Tort Claim Notice regarding claims and damages. DOC has not responded to the Tort Claim Notice.

9. On October 15, 2018, Plaintiff received a right to sue letter from the Oregon Department of Labor and Industries authorizing Plaintiff to file suit within 90 days. Plaintiff has filed suit within the statutory timelines required ORS 659A.880.

10. This Complaint is properly before this Court because it is a court of general jurisdiction and all the claims in the complaint arise under Oregon State Law, the Oregon Constitution, federal statute, the United States Constitution, and/or common law, and because all events described herein occurred in the State of Oregon.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Against DOC

**(Failure to engage in the interactive process under ORS 659A.112 and 29 U.S.C. § 794(a) and (d), 29 C.F.R. § 1630.2(0)(3); 42 U.S.C. § 12112)**

11. Plaintiff adopts paragraphs 1 through 10 by reference.

12. Plaintiff, in good faith, reported he suffered from sleep deprivation, anxiety and depression and that he believed the disorder was affecting his work performance.

13. Plaintiff made reports to his DOC superiors that his disability was affecting his work performance and as a result of his disability, Plaintiff was having memory issues, unable to sleep, suffered from insomnia, suffered lack of cognition and clear thinking, lost track of time, and experienced personality changes.

14. After Plaintiff made this report to DOC, DOC supervisors independently observed

performance issues related to the disability reported by Plaintiff.

15. DOC worked Plaintiff long hours, in excess of 190 hours during a twelve-day period, which resulted in Plaintiff suffering exacerbation of his disability and resulting in aberrant behavior uncharacteristic of his fifteen-year work history.

16. DOC investigated Plaintiff's conduct and during the interviews, Plaintiff reiterated to DOC that he was suffering from his disability and that the hours he was working exacerbated his condition resulting in aberrant conduct. Plaintiff requested accommodation for his disability in the form of an adjustment to his work schedule. Instead of recognizing the change in behavior as uncharacteristic with Plaintiff's historical performance, and instead of engaging Plaintiff in the interactive process even though Plaintiff provided written verification from a psychologist that his work behavior resulted from his disability, DOC terminated Plaintiff without exploring any reasonable accommodation and did not provide a reasonable accommodation.

17. Plaintiff has been harmed financially, mentally and emotionally as a direct and proximate result of DOC's failure to reasonably accommodate Plaintiff as required by the ADA. Plaintiff is entitled to a statutory recovery of attorney fees and costs under ORS 659A.885, *42 U.S.C. § 20003-5(k)*.

## SECOND CLAIM FOR RELIEF

### Against DOC

### (Failure to reasonably Accommodate ORS 659A.112; 42 U.S.C. §12111)

18. Plaintiff adopts paragraphs 10 through 17 by reference.

19. Plaintiff notified DOC of his disability and need for accommodation by a letter on May 25, 2017 and again by letter on September 1, 2017 that DOC failed to reasonably accommodate his disability.

20. Plaintiff was under a doctor's care since January 2, 2017 for depression, anxiety, sleep disruption and sleep deprivation and Plaintiff provided a letter to DOC from Dr. Dale A. Brounstein

4 – COMPLAINT

dated April 6, 2017 and again on August 9, 2017. Dr. Brounstein stated that Plaintiff's serious health condition was exacerbated by excessive overtime hours.

21.     Plaintiff provided a letter from Dr. Armasabille Ermita dated June 7, 2017, in which Dr. Ermita states that Plaintiff's memory and judgment were affected by anxiety, depression and sleep deprivation.

22.     Dr. Brounstein never received requests for medical information from the DOC even though his contact information was provided to DOC by Plaintiff.

24.     DOC ignored information from Dr. Ermita and Dr. Brounstein and chose to terminate Plaintiff without accommodation and thereby breached its affirmative duty to accommodate Plaintiff.

25.     Plaintiff has suffered financial harm as a result of being terminated from his job according to proof, but not less than $300,000.

26.     Plaintiff has suffered harm to his reputation as a correction officer and is unable to find employment as a public safety officer, as a result he is entitled to compensatory damages in an amount according to proof, but not less than $200,000.

27.     Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885, 42 U.S.C. § 20003-5(k).

### THIRD CLAIM FOR RELIEF

### Against DOC

### (Disability Discrimination ORS 659A.*et seq.*, _42 U.S.C. 12111-12111)

28.     Plaintiff adopts paragraphs 18 through 27 by reference.

29.     Plaintiff was subjected to discrimination based on his serious health condition.

30.     DOC was aware that Plaintiff had a serious health condition and that the serious health condition was exacerbated by mandatory overtime and long-hours of work.

31.     After reporting his serious health condition and the possible effect of his condition on his

5 – COMPLAINT

work, Plaintiff was subjected to adverse employment action including suspension and ultimately termination.

32. Supervisors and administrators at DOC intentionally and purposefully ignored requests for interaction regarding Plaintiff's disability and ignored statements from Plaintiff's doctors which explained the dramatic shift in Plaintiff's behavior.

33. Supervisors and administrators ignored Plaintiff's fifteen-year successful employment record and chose instead to suspend and terminate Plaintiff based on his disabling condition which could have been resolved by reasonable accommodation.

34. Supervisors assigned and scheduled Plaintiff to work more than 190 hours during a twelve-day period which resulted in Plaintiff suffering severe health conditions affecting his performance.

35. Supervisors ignored the clear effects of Plaintiff's serious health conditions, the number of hours they worked Plaintiff in a two-week period, and then purposely and intentionally used his disabling condition as the basis for terminating his employment.

36. Plaintiff has suffered financial harm in an amount to be determined at trial, but no less than 450,000.

37. Plaintiff has suffered emotional and psychological harm in an amount to be determined at trial, but no less than $400,000.

38. Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885, 42 U.S.C. § 20003-5(k).

## FOURTH CLAIM FOR RELIEF

### Against DOC

### (Negligence )

39   Plaintiff adopts paragraphs 28 through 38 by reference.

6 – COMPLAINT

40. DOC has a duty to protect the welfare of employees.

41. DOC was aware of studies conducted showing the negative effect of working long hours on the performance of correctional employees and understood that an employee's performance deteriorates when the employees works extensive overtime.

42. DOC breached its duty to Plaintiff when it assigned and allowed Plaintiff to work more than 190 hours in a two-week period.

43. DOC breached its duty of fairness to Plaintiff by disciplining and discharging him based on the detrimental effects of the number of hours it worked Plaintiff in a two-week period.

44. DOC breached its duty of fairness to Plaintiff when DOC failed to consider the effects of 190 hours of work on Plaintiff's disability as a basis for adverse employment action.

45. DOC working Plaintiff 190 hours in a two-week period combined with DOC's disregard for Plaintiff's disability caused Plaintiff to engage in aberrant behavior which DOC used as a basis to terminate Plaintiff's employment.

46. DOC's negligence is the direct and proximate cause of Plaintiff's damages and Plaintiff is entitled to recover financial damages for lost wages and benefits according to proof, but not less than $450,000.

## FIFTH CLAIM FOR RELIEF

### Against Defendants

### (Breach of Confidentiality)

47. Plaintiff adopts paragraphs 39 through 46 by reference.

48. Peters had access to confidential personnel information pertaining to Plaintiff.

49. Without the permission or authorization of Plaintiff, Peters disclosed confidential personnel information to members of church that Peters and Plaintiff attended.

50. The disclosures of confidential personnel information caused Plaintiff severe emotional

7 – COMPLAINT

distress, embarrassment and distress.

51. Plaintiff has been harmed emotionally in an amount according to proof, but not less than $400,000.

## SIXTH CLAIM FOR RELIEF

### Against DOC

### (Retaliation)

52. Plaintiff adopts paragraphs 47 through 51 by reference.

53. Plaintiff complained to DOC supervisors regarding working conditions at the Coffee Creek Correctional Facilities.

54. Plaintiff communicated to Peters and her staff regarding concerns about management multiple times, and Plaintiff contacted the Attorney General's office regarding working conditions at the Coffee Creek Correctional Facilities.

55. As a direct result of Plaintiff's protected activity, he was subjected to intense scrutiny, assigned long work hours and eventually suspended and then terminated from employment with DOC.

56. As a direct and proximate cause of DOC's retaliation, Plaintiff has suffered financial harm in an amount according to proof.

57. As a result of DOC's retaliation, Plaintiff has suffered severe emotional distress in an amount according to proof, but not less than $150,000.

58. Plaintiff is entitled to recover statutory attorney fees and costs according to suit under ORS 659A.885, 42 U.S.C. § 20003-5(k).

59. Plaintiff is entitled to recover punitive damages according to proof.

## VI. DEMAND FOR JURY TRIAL

60. Plaintiff hereby requests a jury trial on all triable claims and issues herein.

## VII. PRAYER FOR RELIEF

61. WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

62. Back pay and benefits according to proof, but not less than $200,000;

63. Front pay for two years according to proof, but not less than $250,000

64. Emotional distress damages according to proof, but not less than $400,000;

65. Compensatory damages for loss to character, reputation and status in the sum of $1,000,000;

66. Pre-judgment and post-judgment interest as allowed by law;

67. Plaintiff's reasonable attorney fees, costs and disbursements;

68. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over the applicable time frame;

69. Declaring that DOC violated the statutes set forth in Plaintiff's Claims for Relief;

70. Declaring that Defendants violated statutes set forth in Plaintiff's Claims for Relief;

71. Awarding Plaintiff $200 or actual economic damages pursuant to ORS659A.885(3) for his lost earning capacity and future earnings and benefits in amounts as awarded by a jury, whichever is greater;

72. Awarding Plaintiff his reasonable attorney fees, costs, disbursements, and expert witness fees pursuant to ORS 659A.885, 42 U.S.C. § 20003-5(k), 42 U.S.C. § 1988; and

73. Any other relief the court deems just and equitable.

Respectfully submitted this ___ day of January 2019.

BASSINGER & HARVEY

By: /s/ Randy J. Harvey
    **Randy J. Harvey** (OSB No. 116714)

9 – COMPLAINT

Randy@bassingerharveylaw.com  
BASSINGER & HARVEY  
PO BOX 1309  
Sherwood, Oregon 97140  
Telephone: (503) 822-5340  
Facsimile: (503) 433-1404  

Of Attorneys for Plaintiff  
Brock Mittelbach
